

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Lauren Howland**
*Special Assistant Corporation Counsel*
Office: (212) 356-2016

> Application Granted
>
> *Valerie Figueredo, U.S.M.J.*
> DATED: 3-21-24
>
> The request is granted. This matter is stayed until August 26, 2024. The Clerk of Court is directed to terminate the motion at ECF No. 13.

March 19, 2024

Hon. Valerie Figueredo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *C.C. et al. v. N.Y.C. Dep't of Educ.*, 23-cv-9738 (GHW)(VF)

Dear Judge Figueredo:

    I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiffs seek solely attorneys' fees, costs, and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), as well as for this action.

    Pursuant to Your Honor's February 23, 2024 Order (ECF 11), I write on behalf of all parties to request a stay to August 26, 2024 for the reasons set forth below. This is the second request to stay.

    At the February 26 pre-motion conference held before Judge Cronan for *R.C., et al. v. N.Y.C. Dep't of Educ.*, 23-cv-9727, Defendant withdrew its request for leave to file a motion for consolidation pursuant to Rule 42(a). However, Judge Cronan granted the parties' joint request for a 180-day stay of that case until August 26, after the parties explained that they would seek 180-day stays across all 32 cases, and then work together to avoid any motion practice or appearances in any of the 32 cases. Both sides expressed a high level of confidence that the 32 cases could all be globally resolved on the same timeline.

    Thus far, in addition to Judge Cronan in *R.C.*, twelve judges in seventeen cases have granted the parties requests for stays (or extensions) to at least August 26, 2024; one judge has denied the request:
  - *A.J. et al. v. New York City School Dist.*, 23-cv-9757 (JLR)(BCM( (ECF 19)
  - *M.B. et al. v. New York City School Dist.*, 23-cv-9768 (JGLC) (SLC) (ECF 19)
  - *L.W. et al. v. New York City School Dist.*, 23-cv-9770 (JGLC) (GS) (ECF 16)
  - *M.S. et al. v. New York City School Dist.*, 23-9751 (LJL) (ECF 17)
  - *G.D. et al. v. New York City School Dist.*, 23-9743 (ALC) (ECF 12)
  - *M.L. et al. v. New York City School Dist.*, 23-9771 (JMF)(JLC) (ECF 14)
  - *G.W. et al. v. New York City School Dist.*, 23-9744 (PAE) (ECF 12)
  - *E.N. et al. v. New York City School Dist.*, 23-9764 (AS) (ECF 15)

- *E.C. v. New York City School Dist.,* 23-9747 (JPO) (ECF 15)
- *L.P., et al. v. New York City School Dist.,* 23-9749 (ER) (ECF 12)
- *S.H., et al. v. New York City School Dist.,* 23-9753 (KPF) (ECF 14)
- *M.N. et al. v. New York City School Dist.,* 23-9772 (KPF) (ECF 15)
- *J.W. et al. v. New York City School Dist.,* 23-9755 (AS) (ECF 14)
- *G.P. et al. v. New York City School Dist.,* 23-9750 (AT) (ECF 18)
- *K.M. et al. v New York City School Dist.,* 23-9766 (AT) (ECF 18)
- *S.I. et al. v. New York City School Dist.,* 23-9773 (LGS) (ECF 11)
- *E.L. et al. v. New York City School Dist.,* 23-9763 (LGS) (ECF 11)
-*But see A.C. et al. v. New York City School Dist.,* 23-9729 (CM)(ECF 14) (extension request denied)

The parties assert that these circumstances are exceptions in several ways warranting the requested stay: as both sides explained to Judge Cronan at the Feb. 26 conference: (a) due to an administrative issue within Plaintiff's counsel's firm, these fee claims were unintentionally not presented to the DOE for administrative settlement; (b) all 32 cases had to be filed before the statute of limitations had run; (c) the DOE historically has resolved all fee claims presented by the Skyer Law Firm avoiding federal fees actions; and (d) as Defendant's counsel noted, a review of the billing in a few of the Skyer cases reveals that they are much more reasonable than billing records submitted by some other IDEA law firms who take many cases into motion practice.

The parties are hopeful to obtain stays through at least August 26 in the remaining 13 cases, and note further that, if the parties are able to keep 31 of the 32 cases on a global settlement track, that will avoid driving up further billable hours in some cases and not in others due to letter motions, possible conferences and the filing of a response to the complaint. We note that 95% of the IDEA fees-only federal actions that are filed in this District are settled without burdening the Courts with any motion practice or even the filing of a response to the complaint. The parties are optimistic these cases will take that same course.

For these reasons, the parties respectfully request a stay of this case to August 26, 2024, with a joint status letter due that day informing the Court on the progress of settlement discussions and proposing next steps, if any are needed.

Thank you for considering this request.

Respectfully submitted,

*/s/ Lauren Howland*
Lauren Howland
Special Assistant Corporation Counsel

cc: All Counsel of record. (via ECF)